# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-23464-KING

PALM BAY INTERNATIONAL, INC. and
CAVIT CANTINA VITICOLTORI CONSORZIO
CANTINE SOCIALI DEL TRENTINO SOCIETA
COOPERATIVA,

    Plaintiffs,

vs.

CORK ALLIANCE, INC., d/b/a SOUTHERN
VINES, INC. and HORACIO O. PEIRO,

    Defendants.
_____/

## CORK ALLIANCE, INC., d/b/a SOUTHERN VINES, INC.'S ANSWERS TO RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant, Cork Alliance, Inc., d/b/a Southern Vines, Inc. ("Defendant" or "CAI"), pursuant to Fed.R.Civ.P. 33, hereby responds to Plaintiffs, Palm Bay International, Inc. and Cavit Cantina Viticoltori Consorzio Cantine Sociali Del Trentino Societa Cooperativa's (collectively "Plaintiffs") First Set of Interrogatories as follows:

### INTERROGATORIES

1. Identify the person(s) answering these interrogatories and all persons who assisted or provided any information in answering these interrogatories, and state the reason for selection of such person(s) therefor.

**ANSWER:**

    a. Mike Dominguez, who has knowledge as to Defendants' use of the CAVIA marks, distribution of same, as well as their advertising, promotion and sales.

   b.  Horacio Peiro, who has knowledge as to Defendant's selection, adoption and use of the CAVIA marks as well as their advertisement, promotion and sales.

   c.  Meredith Frank Mendez, counsel for Defendants assisted with the answers.

2. Identify, separately, each of Defendants' Mark(s), the dates and location said mark(s) were first used in commerce and, if discounted, the date Defendants stopped using the mark in commerce.

**ANSWER:**

   a.  CAVIA RESERVE, first used in commerce in Miami, Florida in September, 2005.

   b.  CAVIA and Design, first used in commerce in Miami, Florida in October, 2006. Pursuant to Rule 33(d) of Fed.R.Civ.P., Defendant will produce business records depicting the "CAVIA and Design" mark.

Defendants have not stopped using either of these marks in commerce.

3. Identify all commercial establishments or channels of trade (e.g., retail outlets, catalogues, web sites, toll-free phone numbers, etc.) through which Defendants' Product(s) have been sold or offered to the consuming public and the dates during which each product has been offered.

   **ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad and unduly burdensome as Defendants' Product(s) have been sold or offered for sale in hundreds of stores and restaurants and therefore, he cannot identify each store and dates of sale for each store or restaurant. Subject to the foregoing objections, Defendant states that Defendants' Product(s) have been sold in Publix, Kroger, Biggs, Navarro Pharmacy and Discount, Top Hat Wine & Spirits, Crown Wine & Spirits, Morton's The Steakhouse, Bonefish Grill, Roy's, Conrad Hotel, La Porteña Restaurant, El Rincon Argentino, Catch of the Day Seafood

2

Restaurant, in addition to independent liquor and grocery stores and restaurants.

4. Identify the person(s) most knowledgeable regarding the decision to adopt and/or use Defendant's Mark(s) and for each such person state his/her title and the role he/she played in connection with the adoption and/or use Defendants' Mark(s).

**ANSWER:** Alexis Peiro, President of Antigal Bodegas Y Viñedos, as he selected the "CAVIA" mark.

5. Describe how Defendants' Mark(s) were selected and/or adopted, setting forth in detail the reasons for the selection.

**ANSWER:** The "CAVIA" mark was selected as a tribute to Defendant Peiro's grandfather who lived on Cavia Street in Buenos Aires, Argentina. The "qui" logo in the CAVIA and Design" mark was selected because the qui is prominent in the vineyards.

6. Describe in detail the manner in which the term "CAVIA" is used in connection with Defendants' Product(s) and set forth the history of such use (e.g., the specific mark, goods or services, dates and locations of use).

**ANSWER:** The term "CAVIA" is used on labels on Defendants' wine products. Pursuant to Rule 33(d) of Fed.R.Civ.P., Defendant will produce business records showing the manner in which the term "CAVIA" is used in connection with Defendants' Product(s) and the history of such use.

7. Describe in detail the manner in which Defendants have advertised, marketed and promoted Defendants' Products for each year since the date of introduction of each such product.

**ANSWER:** Magazine advertisements, internet website, sponsorship of charity events, radio, wine tastings and

3

trade shows. Pursuant to Rule 33(d) of Fed.R.Civ.P., Defendant will produce business records showing representative samples of advertisements and promotions for Defendants' Products.

8. Set forth Defendants' wholesale and retail price and/or suggested list price for each of Defendants' Product(s), from the date of introduction of each to present, indicating the dates upon which such prices were effective.

**ANSWER:** Defendant objects on the grounds that this information is confidential and proprietary commercial information. Subject to the "Attorney's Eyes Only" designation pursuant to the parties' stipulated protective order, Defendant states that the wholesale price for "CAVIA RESERVE" is $108 a case and for "CAVIA and Design" is $60 a case. There is not a suggested retail price as the retail price varies among retailer. However, the average retail price for "CAVIA RESERVE" is approximately $12.99 per bottle and for "CAVIA and Design" is approximately $8.99 per bottle.

9. For each of Defendants' Product(s), state Defendants' monthly and total sales volume to date for each month in which such products have been sold.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad and unduly burdensome. Defendant further objects on the grounds that this information is confidential and proprietary commercial information. Subject to the foregoing objections and "Attorneys Eyes Only" designation pursuant to the parties' stipulated protective order and Rule 33(d) of Fed.R.Civ.P., Defendant will produce business records evidencing total sales volume.

10. For each of Defendants' Product(s), state Defendants' monthly and total gross revenue to date, with a detailed explanation of the manner of calculation thereof. For this interrogatory, gross revenue shall mean the entire amount of income before any deductions are made.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad and unduly burdensome. Defendant further objects on the grounds that this information is confidential and proprietary commercial information. Subject to the foregoing objections and "Attorneys Eyes Only" designation pursuant to the parties' stipulated protective order and Rule 33(d) of Fed.R.Civ.P., Defendant will produce business records showing total gross revenue.

11. For each of Defendants' Product(s), identify each specific state in the United States in which each product has been sold and the date that product was first introduced in that specific state.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad and unduly burdensome. Subject to the foregoing objections, Defendant identifies the following states and the year the product was first introduced in each state:

Alabama, 2008
Arizona, 2007
Arkansas, 2010
California, 2009
Colorado, 2009
Connecticut, 2008
Florida, 2005
Georgia, 2007
Hawaii, 2009
Idaho, 2009
Illinois, 2007
Indiana, 2007
Kansas, 2010
Kentucky, 2008
Louisiana, 2006
Maryland, 2006

5

    Massachusetts, 2007

    Minnesota, 2011

    Nebraska, 2009

    Nevada, 2008

    New York, 2007 (de minimis)

    North Carolina, 2010

    Ohio, 2009

    Oregon, 2007

    South Carolina, 2009

    Tennessee, 2007

    Texas, 2009

    Virginia, 2008

    Washington, 2009

    Wisconsin, 2009

    Wyoming, 2010

12. For each of Defendants' Product(s), state Defendants' monthly and total expenditures to date for Advertising and other Means of Promotion in the United States (including but not limited to all web sites accessible in the United States) for each month in which such Advertising and other Means of Promotion took place or in which such expenditure was incurred.

> **ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad and unduly burdensome. Defendant further objects on the grounds that this information is confidential and proprietary commercial information. Subject to the foregoing objections and the "Attorneys Eyes Only" designation pursuant to the parties' stipulated protective order, pursuant to Rule 33(d) of Fed.R.Civ.P., Defendant will produce business records showing the total expenditures to date of Defendant's Advertising and other Means of Promotion in the United States.

13. Identify any and all instances in which any person or entity has:

6

    a.    by word of deed, suggested a belief that, or inquired as to whether Defendants or Defendants' licensees are licensed, sponsored by, or otherwise associated or connected with Plaintiffs' Product(s), or vice-versa;

    b.    been in any way confused, mistaken, or deceived as to the origin or sponsorship of any product sold by Defendants or Plaintiffs.

**ANSWER:** None that Defendant is aware of.

14. Set forth in full and specific detail all facts and evidence that support Defendants' Affirmative Defenses in this case.

    **ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad and unduly burdensome. Defendant further objects on the grounds that this Defendant further objects to this request to the extent that the request may call for documents that contain or relate to communications or the substance of communications with counsel, or trial preparation material, which are protected by the attorney/client privilege and/or the doctrine of work product. Subject to the foregoing objections, pursuant to Rule 33(d) of Fed.R.Civ.P., Defendant will produce non-privileged and non work product business records.

15. Identify each fact witness whom you intend to use in your defense of this lawsuit. For each witness state the subject matter about which the witness is expected to testify; the substance of the facts and/or opinions about which the expert is expected to testify; and a summary of the grounds for each opinion.

    **ANSWER:** Defendant has not yet determined the witnesses he will be using at trial. Defendant will provide its witness list by the time set by the Court.

16. Identify each person whom you expect to call as an expert witness at trial. For each expert witness state the subject matter about which each expert is expected to testify; the substance of the facts and/or opinions about which the expert is expected to testify; and a summary of the grounds for each opinion.

**ANSWER:** Defendant has not yet determined if he will call an expert witness to testify at trial.

Dated: May 5, 2011

By: *Meredith Mend*
Jennie Sue Malloy
Florida Bar No. 655,740
jsm@malloylaw.com
Meredith Frank Mendez
Florida Bar No. 502,235
mmendez@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

Attorneys for Defendants

8

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2011 a true and correct copy of the foregoing was served via U.S. Mail to:

Robert C. Josefsberg
Podhurst Orseck Josefsberg et al
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780

and

Charles Grimes
Russell Dize
GRIMES & BATTERSBY, LLP
488 Main Avenue
Suite 300
Norwalk, CT 06851