UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-23464-KING

PALM BAY INTERNATIONAL, INC.

    Plaintiff,

vs.

CORK ALLIANCE, INC., d/b/a SOUTHERN
VINES, INC. and HORACIO O. PEIRO,

    Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
EXCLUDE AS EVIDENCE THE SURVEY AND EXPERT REPORT OF
DR. DAN SAREL AND PRECLUDE HIS TESTIMONY AT TRIAL**

Defendants, Cork Alliance, Inc. and Horacio O. Peiro (collectively, "Defendants"), hereby submit this reply in support of their Motion to Exclude as Evidence the Survey and Expert Report of Dr. Dan Sarel and Preclude His Testimony at Trial. In support thereof, Defendants state as follows.

**I.    INTRODUCTION.**

Plaintiff's Opposition does not attempt to rebut four out of the five grounds raised in Defendants' Motion to exclude the survey conducted by Dr. Sarel (the "Sarel Survey") and his expert report, namely that: (1) the universe/sampling used by Sarel was inappropriate; (2) the implementation of the Sarel Survey was flawed; (3) the Sarel Survey used an inadequate amount of controls; and (4) the single control used was improper. Plaintiff's Opposition solely attempts to defend the "sure-thing" methodology used by Sarel, which is the same methodology used by Sarel for the last three (3) years for other plaintiffs and has always yielded a finding of likelihood of confusion. However, Plaintiff does not even address the main arguments raised by Defendants

1

regarding Sarel's improper methodology. Instead, Plaintiff seeks to bolster Sarel's improper methodology by misdirecting the Court's attention to limited and out-of-context portions of the testimony of Defendants' expert, Dr. Mike Rappeport ("Rappeport"), and by attacking his credibility[1], neither of which are relevant for the purposes of this Motion.

The Court should grant Defendants' Motion and exclude the Sarel Survey and expert report because it is undisputed that: (1) the Sarel Survey used an improper survey universe/sampling; (2) the implementation of the Sarel Survey was flawed; (3) an inadequate amount of controls was used; and (4) an improper control, CATENA, was used. Moreover, the Court should also exclude the Sarel Survey and expert report because the methodology was flawed as: (1) there is no evidence that CAVIT was well-known to the survey respondents; and (2) small exposure to a single advertisement is not how consumers purchase wine in the marketplace.

## II.  THE SAREL SURVEY AND REPORT SHOULD BE EXCLUDED.

### A.  Plaintiff Does Not Refute that the Sarel Survey Used an Inappropriate/Inadequate Universe.

Plaintiff makes no attempt to refute the fact that the Sarel Survey used an improper and inappropriate universe/sampling. Specifically, it is undisputed that the Sarel Survey did not adequately include a fair sampling of those purchasers that had actually purchased wine in the weeks and/or months leading up to the survey. The survey is fatally flawed because it included consumers who had not purchased wine in the time leading up to the survey and included a significant segment of consumers who may have never purchased wine before, but who were

---

[1] As stated in Defendants' Motion, Dr. Rappeport is the leading survey expert in the country. His impressive resume, Exhibit C to Defendants Motion, speaks for itself. Neither Dr. Rappeport's survey nor the methodology used by Rappeport, are at issue. Therefore, Defendants will not address Plaintiff's attempts at attacking Dr. Rappeport's credibility by citing a few decisions where he was criticized in his 40-plus years of experience.

instead "considering" purchasing wine in the future. Consumers who were "considering" purchasing wine within the next twelve (12) months do not constitute "a fair sampling of those purchasers most likely to partake of the alleged infringer's goods or services". . . See Amstar Corp. v. Domino's Pizza, Inc., 615 F.2d 252, 264 (5th Cir.1980). The Court may exclude the Sarel Survey and Report on this basis alone. See Id.

### B.    Plaintiff Does Not Refute that the Implementation of the Sarel Survey was Flawed.

Plaintiff cites Rappeport's testimony that Sarel's implementation of the survey was improper, but makes no argument to contradict this testimony. Therefore, Plaintiff has also conceded that the implementation of the Sarel Survey was flawed. Moreover, as Sarel admitted in his deposition, the Sarel Survey was a "memory test". Even if Sarel's methodology was proper, which, as explained below, was not despite Plaintiff's argument to the contrary, the fact that the implementation was improper renders the survey useless.

As Defendants explained in more detail in their Motion, the implementation of the Sarel Survey was flawed as it was unreliable and suggestive because: (1) the interviewers told respondents in advance that they will be asked about just the two names (CAVIA, and the one control CATENA); and (2) the actual wording of the critical question presented a serious problem in interpretation and analysis as there is a tendency of many people to look for a "right" answer. Therefore, many respondents were likely led to believe that the task was to decide which of the two names (CAVIA and CATENA) comes closer to CAVIT (if the respondent even remembered the name CAVIT) they merely saw as one detail in four advertisements. Therefore, since the closer name is CAVIA, this would explain the percentage of confusion yielded by the survey. Moreover, Sarel did not ask a follow-up question in Scenario I (as he did with the question in Scenarios II and III) to which would have likely resulted in the fact that some

3

respondents were guessing or that CAVIA was the closer of the two names.

Accordingly, the Sarel Survey should also be excluded due to its flawed implementation rendering it of no probative value on the issue of likelihood of confusion.

### C. Plaintiff Does Not Refute that the Sarel Survey Used Improper and Inadequate Number of Controls.

Plaintiff's Opposition is also silent as to the inadequate amount of controls used and the improper use of CATENA as a single control. As explained in Defendants' Motion, a poorly chosen control will lead to lower estimate of the "noise" and thus a higher estimate of the likelihood of confusion –net of noise. CATENA does not come as close to CAVIA as the wide range of other numerous wines in the marketplace starting with the prefix CAV, such as CAVUS or CAVISTE, that Sarel could have chosen. Moreover, Sarel should have used at least 3 or 4 controls. The inadequacy of the amount of controls and the improper use of CATENA as the sole control does not permit a proper estimation of "noise" to eliminate the amount of guesses made by respondents.

Accordingly, the Sarel Survey should also be excluded due to the inadequate amount of controls used and the improper control used.

### D. The Methodology Used by Sarel Was Flawed.

#### 1. There is No Evidence that CAVIT was well-known to Survey Respondents.

Plaintiff claims that there is ample evidence that the CAVIT mark is well-known. Notwithstanding Plaintiff's claim, Plaintiff overlooks the fact that there is no evidence that CAVIT was well-known or even known by the survey respondents. The respondents were never asked if they had purchased CAVIT wine in the past and were never asked if they ever heard of CAVIT before seeing the advertisement in the survey booklet. Moreover, the survey respondents

4

were not instructed to pay attention to or concentrate on the names.

          2.    <u>Small Exposure to a Single Advertisement is Not How Consumers Purchase Wine in the Marketplace</u>.

Instead of addressing Defendants' argument and Sarel's own deposition testimony that exposure to a single advertisement is not the most common reason why a consumer would purchase a particular brand of wine, Plaintiff attempts to argue that the Sarel Survey closely replicates market conditions because it utilized advertisements and photographs of the actual wine bottles. However, Plaintiff misses the point of Defendants' argument, namely, that it is unreasonable to believe that consumers purchase wine based on exposure to a single advertisement. Instead, a consumer is faced with several choices of wine (which is also why more controls should have been used), many times side-by-side on a market shelf.  Plaintiff ignores the fact that there are other more common marketing conditions surrounding the decision by consumers to purchase wine also such as wine tastings, word of mouth recommendations, displays, sitcoms, movies, representations at stores, and social media. Plaintiff's argument that a $5-$10 bottle of wine is an impulse purchase does not rebut this argument either.

The arguments made in Plaintiff's Opposition do not controvert Defendants' argument that the Sarel methodology was flawed.  Accordingly, the Court should exclude the Sarel Survey due to its improper methodology. <u>See</u> <u>Smith v. Wal-Mart Stores, Inc.</u>, 537 F. Supp. 2d 1302, 1328 (N.D. Ga. 2008).

**III.**    <u>**CONCLUSION**</u>**.**

Based on the foregoing reasons and the reasons stated in Defendants' Motion, the Sarel Survey, Sarel's Expert Report and testimony should be precluded at trial.

WHEREFORE, Defendants respectfully request that this Court exclude the Sarel Survey, the Sarel expert report and deposition testimony, preclude Sarel's testimony at trial and such

further relief the Court deems just and proper.

Dated: July 28, 2011					Respectfully submitted,

                     s/Meredith Frank Mendez
                     Jennie S. Malloy
                     Florida Bar No. 655,740
                     jsmalloy@malloylaw.com
                     Meredith Frank Mendez
                     Florida Bar No. 502,235
                     mmendez@malloylaw.com
                     Oliver A. Ruiz
                     Florida Bar No. 524,786
                     oruiz@malloylaw.com
                     MALLOY & MALLOY, P.A.
                     2800 S.W. Third Avenue
                     Miami, Florida  33129
                     Telephone (305) 858-8000
                     Facsimile (305) 858-0008
                     *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was served by via transmission of Notices of Electronic Filing generated by CM/ECF on July 28, 2011 on all counsel or parties of record on the Service List below.

          By: s/Meredith Frank Mendez
             Meredith Frank Mendez

## SERVICE LIST

Robert C. Josefsberg
rjosefsberg@podhurst.com
Katherine W. Ezell
KEzell@podhurst.com
PODHURST ORSECK, P.A.
25 W. Flagler Street, Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
Attorneys for Plaintiff

and

Charles W. Grimes
grimes@gandb.com
Russell D. Dize
dize@gandb.com
GRIMES & BATTERSBY, LLP
488 Main Avenue
Suite 300
Norwalk, CT 06851
Telephone: (203) 849-8300
Facsimile: (203) 849-9300
Attorneys for Plaintiff